# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

RICHARD KEITH POE,　　　　　)　　CIVIL ACTION NO. 9:15-588-RMG-BM
#259297,　　　　　　　　　　　)
　　　　　　　　　　　　　　 )
　　　　　　　Petitioner,　　　 )
　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　)　　**REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　 )
WARDEN STONE,　　　　　　 )
　　　　　　　　　　　　　　 )
　　　　　　　Respondent.　　 )
　　　　　　　　　　　　　　 )

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on February 7, 2015.[1]

The Respondent filed a return and motion for summary judgment on August 17, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 19, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed responses in opposition on August 31, 2015 and September 10, 2015, with supplements filed on September 3, 2015, September 14, 2015, September 16, 2015, and September 17, 2015 .

---

[1]Since Petitioner was in a pretrial release facility at the time of the filing of this petition, it is not clear that he would receive the benefit of a filing date under Houston v. Lack, 487 U.S. 266, 270-276 (1988). However, since there are no time issues in this case and no delivery date is on the envelope, the undersigned has used the postage mailing date on the petition as the filing date.

1



This matter is now before the Court for disposition.[2]

### **Procedural History**

Petitioner was indicted in York County in November 2012 for two counts of petit larceny [Indictment No. 12-GS-46-3769 & Indictment No. 12-GS-46-3770], burglary, first degree [Indictment No. 12-GS-46-3771[3]]; criminal conspiracy [Indictment No. 12-GS-46-3772]; obtaining goods under false pretenses [Indictment No. 12-GS-46-3773[4]]; and breaking into a motor vehicle [Indictment No. 12-GS-46-3774]. See Respondent's Attachment 1. Petitioner was represented by Seon Cronin, Esquire. On June 4, 2013, Petitioner pled guilty to burglary, second degree (as a lesser included offense of first degree burglary), as well as to one count of enhanced petit larceny, and criminal conspiracy. (R.pp. 35-43). Petitioner was sentenced to thirteen (13) years imprisonment for burglary, second degree (as a lesser included offense of first degree burglary), ten (10) years imprisonment for petit larceny, and five (5) years for criminal conspiracy, all to run concurrently. (R.p. 50).

Petitioner filed a pro se notice of appeal, which was received by the South Carolina Supreme Court on June 7, 2013. See Respondent's Attachment 4. Subsequently,

> [t]he Supreme Court transferred the appeal to the Court of Appeals for disposition. On November 6, 2013, [the Court of Appeals] sent a deficiency letter to attorney Sean

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]This indictment was amended and Petitioner was re-indicted in the May 2013 term of the York County Grand Jury. See Respondent's Memorandum in Support of Summary Judgment, p. 2, n. 3; see also Respondent's Attachment 2, Amended Indictment No. 2012-GS-46-3771.

[4]Respondent represents that this indictment is erroneously numbered *2006*-GS-46-3773. See Respondent's Memorandum in Support of Summary Judgment, p. 2, n.

2

Francis Cronin, requesting a redacted copy of the sentencing sheet and a proof of service showing the notice of appeal was timely filed. Mr. Cronin never responded to the letter from the Court. [The South Carolina Court of Appeals] made several more attempts to get the necessary documents from Mr. Cronin by calling him on April 11, 2014, and on May 8, 2014. Mr. Cronin promised to send the necessary documents to the Court. [As of May 29, 2014, the Court of appeals had] not received any further correspondence from Mr. Cronin.

Accordingly, [the] appeal [was] dismissed for failure to show timely service of the notice of appeal in compliance with Rule 203(b)(2) of the South Carolina Appellate Court Rules (SCACR) and failure to file a copy of the order challenged on appeal as required by Rule 203 (d)(1)(B)(ii), SCACR.

<u>See</u> Respondent's Attachment 5 (Order of the South Carolina Court of Appeals filed May 29, 2014). The revised remittitur was issued on June 26, 2014. <u>See</u> Attachment 6 (Revised Remittitur) and Attachment 7 (Remittitur).

Petitioner subsequently filed a <u>pro se</u> notice of appeal dated June 29, 2014, which the Supreme Court of South Carolina construed as a petition for writ of certiorari. However, because the remittitur had already issued at that time, the Supreme Court held that there was no longer appellate jurisdiction over the case,[5] and dismissed the writ of certiorari. <u>See</u> Respondent's Attachment 8 (Order dated July 1, 2014).

On July 3, 2013, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; <u>Poe v. State of South Carolina</u>, No. 2013-CP-46-2033; raising the following issues:

**Ground One**: Ineffective Assistance of Counsel.

**Ground Two:** Prejudice by 16th Circuit Solicitor and or also by Judge Hayes and Judge Alfred.

---

[5]The Supreme Court further noted in any even that, since no petition for rehearing or reinstatement had been ruled on by the Court of Appeals, there was no final decision for the Supreme Court to review.



(R.p. 54).

Petitioner subsequently amended his application on October 7, 2013, raising additional ineffective assistance of counsel claims. (R.pp. 90-102).

Petitioner was represented in his APCR by W. Michael Hemlepp, Esquire, and an evidentiary hearing was held on Petitioner's application on January 22, 2014. (R.pp. 103-169). In an order filed March 14, 2014 (dated March 6, 2014), the PCR judge denied relief on the APCR in its entirety. (R.pp. 175-183).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Robert M. Dudek, Chief Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[6] petition requesting to be relieved and raising the following issue:

> Was defense counsel ineffective for failing to convey to petitioner that the state had offered a negotiated sentence of five years imprisonment in exchange for his burglary plea since petitioner was ultimately sentenced to thirteen years imprisonment, and petitioner would have accepted the five year offer had it been relayed to him?

See Respondent's Attachment 10, Petition, p. 2.

Petitioner also filed a pro se response to the Johnson petition, in which he raised the following issues:

> **Ground One:** From the very beginning Petitioner was prejudiced by his own defense counsel and Solicitor Shelton. Her, as stated in defense counsel's own words. See App 179. Counsel also stated, "In 'his opinion,' he did not see any winnable issues in this case." Furthermore, counsel testified in his own words, "I didn't see anyway that we could win." After being questioned, "Did he see any reason to challenge those indictments?" See App 149 '(18-19)."

> **Ground Two:** Here, shown by Solicitor Shelton's statements, and actions, of the standard of 'unfair prejudice,' see App 43 '(5-9).' Solicitor's statements were founded on 'ungrounded facts.' Further, See App 145 '(15-20).' Solicitor states, She, "was

---

[6]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 744 (1967).



4

going to 'make sure' that Poe did some time in jail." And She, "felt he was a danger to the community."

**Ground Three:** Furthermore, according to the 'Johnson's Petition For Writ for Certiorari," page 6," "Defense counsel testified that the solicitor insisted that Petitioner do some time because, "she felt like he was a danger to the community."

**Ground Four:** See App 146 '(3-5).' Sean F. Cronin testified at PCR hearing that, 'the five year offer was conveyed to him at the beginning of 2013 [?}. Furthermore, here, Solicitor Shelton on record June 14, 2013 states, See App 31 '(7-10).' "I reduced the offer to five years," "That was the plea offer," "I believe about a month ago."

The record clearly shows that defense counsel's verbal testimony does not coincide with Solicitor Misty Shelton's statement pertaining to plea offer of five years.

**Ground Five:** Counsel testified that there were an offer of five years as we got closer to trial and Poe rejected it. See App 146 '(3-5).' Then, on cross-examination, counsel testified, "I don't remember where I communicated that offer to Poe." The record clearly reflects Poe was never granted a bond and was not released from jail facility. See App 110 '(14-20).'

**Ground Six:** Here, Counsel testified he turned his attention to preparing for a trial. See App 146 '(6).' However, 'recap,' App. 179, Counsel stated, "I did not see any winnable issues in this case." See App 149 '(18-19),' further states, "I didn't see anyway that we could win." But, he states, he began preparing for trial.'

"Personal opinion of counsel has no place at trial." 'U.S. v. Bess,' C.A. 6 (Ky.) 1979, 593 F.2d 749, Criminal Law 2091.

Although not listed by the Respondent in its brief, Petitioner also asserted some additional claims as issues numbered 7-25 in the "legal argument" section of his brief, in which he discusses additional issues concerning ineffective assistance of counsel, purported trial errors, indictment issues, and alleged infirmities in his PCR proceedings. See Respondent's Attachment 13.

On January 23, 2015, the South Carolina Supreme Court denied Petitioner's writ of certiorari and granted counsel's request to be relieved. See Respondent's Attachment 15. The Remittitur was sent down on February 10, 2015, and filed with the Clerk's Office on February 12, 2015. See Respondent's Attachments 16 and 17.



5

In the interim, Petitioner had filed a second APCR on July 28, 2014 raising the following grounds:

New Evidence See: exhibits

**Ground One**: Ineffective Assistance of Counsel.

**Ground Two**: Insufficient Indictment.

**Ground Three**: Prejudice by Judges    See: Attachments

<u>See</u> Respondent's Attachment 18, pp. 2-3.

After the State filed a motion to dismiss, the PCR judge entered a conditional order of dismissal on October 14, 2014. <u>See</u> Respondent's Attachments 19 and 20. Petitioner responded to the conditional order of dismissal in filings on October 14, 23, and 29, 2014; <u>see</u> Respondent's Attachment 21; and in an order filed January 26, 2015 (dated January 12, 2015), the PCR judge entered a final order of dismissal. <u>See</u> Respondent's Exhibit 22.

On March 9, 2015, Petitioner filed a <u>pro se</u> appeal of the denial of his second APCR. <u>See</u> Respondent's Exhibit 23. The South Carolina Supreme Court issued an order dismissing Petitioner's appeal on April 20, 2015. <u>See</u> Respondent's Exhibit 24. The Court issued its remittitur on May 20, 2015. <u>See</u> Respondent's Exhibit 25.

In the interim, Petitioner had filed a Third APCR on August 13, 2014, raising the following grounds:

**Ground One**: Ineffective Assistance of Counsel.

**Ground Two**: Prejudice and Bias by Judge Baxley Attachment.

<u>See</u> Respondent's Exhibit 26, p. 3.

After the State again filed a motion to dismiss, the PCR judge entered a conditional order of dismissal



6

dated January 5, 2015. See Respondent's Exhibits 27 and 28. Petitioner filed an objection to the conditional order of dismissal dated January 6, 2015; see Respondent's Attachment 29; and in an order filed February 24, 2015 (dated February 18, 2015), the PCR judge entered a final order of dismissal. See Respondent's Exhibit 30. The record does not indicate that Petitioner appealed that order.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Violation of State and, Federal Statutes, and Constitutional Rights violation.

**Supporting Facts:** arrest warrant #J-158013, was signed unlawfully and issued alleging first degree burglary, theres no language in the body of the arrest warrant that states. residence or dwelling according to statute, 16-3-311 elements. Narrative states (storage building). Theres no evidence that indicated or proof that the crime occurred at night. Nor could state prove such allegations, in arrest warrant Judge, Lynn Horton Benfield issued that warrant in violation of state and federal statutes, and laws.

**Ground Two:** invalid indictment and amended indictment.

**Supporting Facts:** first degree burglary indictment does not contain the elements under §16-11-311, true billed in violation of the statute, and the amended indictment is invalid, obtain from burglary first indictment unlawfully. amended indictment true billed under wrong statute, and states first degree burglary, and second degree, burglary at same.

**Ground Three:** Fraud, petitioner never signed a waiver of, presentment.

**Supporting Facts:** The records will support facts and claims.
Defendant must sign a waiver of indictment before pleading guilty to an indictment which has not been presented to Grand Jury.

**Ground Four:** Lacked Subject Matter Jurisdiction.

**Supporting Facts:** Circuit Court does not have Jurisdiction to convict a defendant, unless there an indictment which sufficiently states offense or defendant waives presentment.



7

**Ground Five:** Direct indictment unlawful.

**Supporting Facts:** The state used photos as seen herein to imply the location as seen in photos was where the crime occurred, when in fact this location is where property was recovered from, or was theses very photos presented and used to obtain first degree burglary indictment alleging the building was attached to home.

**Ground Six:** Ineffective Assistance of Counsel.

**Supporting Facts:** Sean Francis Cronin refused to file motion to squash arrest warrant, and indictment of first degree, refused to request preliminary hearing, or even request arraignment hearing on matter.

Counsel failed to object to amended indictment.

Counsel refused to perfect appeal after being requested he do so, and refused to comply with the Court of Appeals request for necessary documents causing the appeal process to be dismissed. depriving the petitioner of appellate review altogether.

**Ground Seven:** Violation of due process.

**Supporting Facts:** Judge Baxley refused to address the indictment and amended indictment that was put before him during PCR hearing January, 22-2014, violating state statute.

Counsel Robert Dudek Counsel on appeal from denial of PCR refused to brief all issues that arose during PCR hearing, and the Supreme Court failed to even properly review record or even review PRO-SE, pleadings dening Writ of Certiorari.

See Petition, pp. 6, 8-9, 11 & Attachment (Errors in original).

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S.



8

519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Ground One of his Petition, Petitioner contends that his arrest warrant was signed unlawfully and that there is no language in the arrest warrant that references the requirements of S.C. Code Ann. § 16-11-311, including that the crime occurred in a residence or dwelling or that the crime occurred at night.[7]  In Ground Five, Petitioner contends that the State used photographs of an area where stolen items were recovered from and represented those as photographs as showing the building was attached to the home in order to obtain the indictment.[8]

These two (2) claims are subject to dismissal because, when a defendant pleads guilty, he waives all non-jurisdictional defenses and claims of constitutional violations; while at PCR, he can only attack the voluntary and knowing nature of his plea.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ["When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea . . . he may

---

[7] Although Petitioner raises this as a federal claim (as well as one relating to the referenced state statute), he does not specify the federal basis for this claim.

[8] Although Petitioner's Ground Five contains allegations regarding the indictment, and the undersigned has addressed Petitioner's other claims regarding deficiencies in the indictment separately, see discussion, infra; Ground Five has been addressed in this section because of Petitioner's assertions regarding the evidence or sufficiency of the evidence used to obtain the indictment, as opposed to the sufficiency of the indictment itself.

only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann."] [citing McMann v. Richardson, 397 U.S. 759, 770 (1970)]; Menna v. New York, 423 U.S. 61, 62 n.2 (1975) ["A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."]; see also State v. Munsch, 338 S.E.2d 329, 330 (S.C. 1985) ["Guilty pleas act as a waiver of all non-jurisdictional defects and defenses[,]" and leaves open for review only the sufficiency of the indictment]. As such, Grounds One and Five of Petitioner's habeas petition were waived by Petitioner's guilty plea because both concern purported constitutional errors (alleged lack of probable cause for the charges) that occurred before Petitioner's guilty plea.[9] The State's lack of probable cause to affect the detention of Petitioner (even assuming such was the case) would not deprive the trial court of jurisdiction to try the Petitioner. See generally State v. Gentry, 610 S.E.2d 494 (S.C. 2005).

Accordingly, as a non-jurisdictional defect, Petitioner's challenge to the State's lack of probable cause for his arrest or for his indictment was waived when he pled guilty. See Pitts v. Warden Lee Corr. Inst., No. 3:11-2093, 2012 WL 4009638 at * 3 (D.S.C. July 26, 2012) [finding

---

[9]In any event, Respondent also points out with respect to Ground One that an arrest warrant does not need to include all of the elements of a particular crime to be valid - it merely needs to show probable cause for the arrest. Cf. Harrison v. Sumter County Sheriff's Dept, No. 07-3555, 2008 WL 553181 at * 5 (D.S.C. Feb. 25, 2008)[noting that minor discrepancies do not invalidate a warrant]. Respondent further points out that part of the probable cause in this case was Petitioner's own statement regarding his participation in the crime. As for Ground Five, Respondent points out that it is not clear whether Petitioner is complaining about photographs having been presented to the Grand Jury or that the State was allegedly planning to present them to the jury, but that in either event Petitioner has failed to put forth any evidence regarding these photographs and how they were allegedly improperly used.



habeas petitioner was not entitled to relief on his claim that the State lacked probable cause for his arrest because, by pleading guilty, petitioner waived all non-jurisdictional defects to his conviction], adopted by, 2012 WL 4006332 (D.S.C. Sept. 11, 2012); see also State v. Snowdon, 638 S.E.2d 91, 93 (S.C. 2006) ["Having pled guilty to breach of peace, Snowdon has waived any objection he may have had, and cannot, therefore, assert constitutionally based violations attendant to his initial arrest and the legal consequences flowing therefrom."].  Therefore, Respondent is entitled to summary judgment as to Grounds One and Five, because they were waived by Petitioner's guilty plea.

## II.

In Grounds Two, Three, and Four of the Petition, Petitioner raises issues concerning the validity of the indictment and amended indictment, including, but not limited to lack of subject matter jurisdiction due to alleged deficiencies in the indictment and amended indictment.[10] In Ground Seven, Petitioner raised claims regarding infirmities in his PCR proceedings.  Respondent contends that Grounds Two, Three, Four, and Seven are not cognizable claims for relief in a federal habeas petition, and the undersigned agrees.

First, the trial court's purported lack of subject matter jurisdiction due to allegedly defective indictments is not a cognizable claim because a state court's subject matter jurisdiction is a matter of state law and not reviewable by a federal habeas court.  Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) [providing that a federal habeas court may not evaluate petitioner's claim that the state trial court lacked subject matter jurisdiction because such a determination is a matter of state law, not the Constitution or law or treaties of the United States]; see also Pulley v. Harris, 465

---

[10]Petitioner's allegations concerning the alleged defects in the indictment relates to the indictment for burglary first degree, Indictment No. 12-GS-46-3771.



U.S. 37, 41(1984) ["A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."]; Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4  (W.D.Ky.  Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

Further, and in any event, the South Carolina Supreme Court noted in Winns v. State,

> that our decision in this case is consistent with the recently published opinion of State v. Gentry, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction.  See S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." Gentry, 610 S.E.2d 494, 500-501 (S.C. 2005).  Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in his indictment is not even a subject matter jurisdiction claim. See Madden v. Warden, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of Gentry]; State v. Means, 626 S.E.2d 348, 352 (S.C. 2006)[same]; see also Mazyck v. Knowlin, No. 09-1222, 2009 WL 2447981 at * 1 (D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; Evans v. State, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice

12

document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Even with respect to Petitioner's claims that the indictment was "defective", the "sufficiency of an indictment or information is [also] primarily a question of state law". Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418 (8th Cir. 1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991). Therefore, deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989).

There is no evidence of any such deficiency in this case. The PCR court addressed Petitioner's challenge to his indictments on the basis of ineffective assistance of counsel[11] and found

---

[11]Since these claims were not presented to the state court as freestanding claims, but only (possibly), as ineffective assistance of counsel claims, they (as set forth by Petitioner in his Petition), are not even properly exhausted for purposes of federal habeas review. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may (continued...)



13

them to be without merit. (R.p. 182). See also (R.pp. 144-148). There is nothing in the indictments provided to this Court to challenge this finding, or to show that Petitioner's federal due process rights were violated. See Respondent's Attachment 1, pp. 5-6; Respondent's Attachment 2. See also Ashford, 780 F.3d at 407. Hence, there is no basis in the record before this Court on which to find a federal due process violation. State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]; Johnson, 930 F.2d at 447, cert. denied, 502 U.S. at 890 ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."].

Therefore, because Grounds Two, Three and Four are not cognizable issues for federal habeas review, Respondent is entitled to summary judgment on these grounds. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson, 2007 WL 2579570 at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew, 2007 WL 4302429 at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000).

With regard to Ground Seven, which concerns alleged errors by the PCR court, PCR

---

[11](...continued)
be lurking in the woodwork will not turn the trick.] (quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir.1995) (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)).

14

appellate counsel, and/or the State Supreme Court on Petitioner's PCR appeal, these allegations all concern infirmities in Petitioner's state PCR proceedings. Such alleged infirmities do not constitute a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995), cert. denied, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."]; Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]; see also 28 U.S.C. § 2254(i) ["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."].[12] Therefore, Ground Seven is also without merit. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) [errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief].

### III.

In Ground Six of his Petition, Petitioner argues that his trial counsel was ineffective on numerous bases, including refusing to file a motion to quash the arrest warrant and indictment of first degree burglary, refusing to request a preliminary hearing or arraignment, failing to object to the amended indictment, and failing to perfect an appeal when he refused to provide documents to the appellate court.

Only one of these claims was exhausted before the state courts. Petitioner's allegation

---

[12]The Martinez exception relating to PCR counsel does not apply to claims of ineffective assistance of PCR appellate counsel. See Turmon v. Cartledge, No. 15-1274, 2015 WL 5965234 at * 1 (D.S.C. Oct. 13, 2015); see also Martinez v. Ryan, 565 U.S. ____, 132 S.Ct. 1320 (2012).



that his counsel was ineffective for failing to challenge the first degree burglary indictment was addressed in Petitioner's PCR proceedings, where he had the burden of proving the allegations in his petition, and preserved for federal habeas review by virtue of his APCR <u>Johnson</u> appeal to the State Supreme Court. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986); <u>see also</u> Court Docket No. 36-5, p. 3; 36-7; <u>see also</u> (R.pp. 119, 120-121). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See <u>Poe v. State of South Carolina</u>, No. 2013-CP-46-2033.

Specifically, the PCR judge found that: 1) counsel was competent and diligent in his representation of the Petitioner; 2) counsel sufficiently advised Petitioner of the charges against him, the potential penalties if convicted at trial, and the evidence the State would produce at trial; 3) counsel satisfactorily investigated this case based on the information supplied by the Petitioner and the evidence available; 4) counsel also engaged in plea negotiations that were beneficial to the Petitioner, but Petitioner's unreasonable position as to whether the case involved a burglary first, as well as the fact that he would only accept a sentence of less than two years, put counsel (and ultimately the Petitioner himself) in an untenable position; 5) the Petitioner was well informed by counsel; 6) the Petitioner told the plea court that he was satisfied with counsel's representation; 7) moreover, Petitioner admitted his guilt and accepted responsibility for his actions; 8) Petitioner pled guilty without any threat or coercion and was not under the influence of any intoxicant at the plea; 9) Petitioner also voluntarily waived the constitutional rights afforded to him; 10) the Petitioner pled guilty knowingly, voluntarily, and of his own free will; 11) Petitioner's testimony regarding counsel's performance was not credible, while counsel's testimony was credible; 12) Petitioner was facing a Burglary, First Degree charge due to his prior burglary convictions; 13) Petitioner was also indicted

16

for Burglary, First Degree because, according to the original indictment, the State intended to argue that the building the Petitioner burglarized was within the curtilage of the residence and that this incident occurred at night; 14) whether either of these was the case was ultimately a question for the jury, but the Solicitor was certainly allowed to argue it to the jury; 15) Petitioner had a tough decision to make, but the decision to plead guilty was made by Petitioner, in his own best interests given the circumstances, without threats or coercion from counsel or any other individual; thus, Petitioner's plea was freely and voluntarily made; 16) Petitioner failed to meet his burden of proving counsel's performance was deficient or that he was prejudiced thereby; and 17) this allegation of ineffective assistance of counsel was denied. (R.pp. 180-183). As noted, the South Carolina Supreme Court denied Petitioner's appeal. See Respondent's Attachment 15.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland

v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993),

cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990),

cert. denied, 499 U.S. 913 (1991)).

Nevertheless, with regard to the ineffective assistance of counsel claim that was

adjudicated on the merits by the South Carolina state court, this Court's review is limited by the

deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court

in Williams v. Taylor, 529 U.S. 362 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312

[Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated

on the merits in state court proceedings only where such adjudication "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, as determined

by the Supreme Court of the United States", or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in

considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes

"whether counsel's conduct so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland,

the Supreme Court articulated a two prong test to use in determining whether counsel was

constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel's performance was below the

objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner

must show that counsel's deficient performance prejudiced the defense such that the Petitioner was

deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985)[13].

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of <u>Strickland</u> and <u>Hill</u>, or that his guilty plea was not voluntarily and knowingly entered. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner argues his counsel was ineffective for failing to challenge his first degree burglary indictment. With regard to Burglary first degree, South Carolina Code Section 16-11-311 provides:

> (A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:
> . . .
>
> (2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
>
> (3) the entering or remaining occurs in the nighttime.

Therefore, even if the State could not prove that the crime took place at night under § 16-11-311-A(3), the State could still argue that the storage building or shed, which Petitioner admitted to

---

[13]Although Petitioner argues that the <u>Hill</u> analysis is not applicable and that the Court should analyze his claim under the standard set forth in <u>Missouri v. Frye</u>, 132 S.Ct. 1399, 1409-1410 (2012), the Court found in <u>Missouri v. Frye</u> that a plea offer had not been communicated to the Petitioner in that case. In this case, the Petitioner has not shown that the plea offers were not communicated to him. <u>See</u> discussion, <u>infra</u>. Accordingly, the <u>Hill</u> analysis applies under the facts in this case.



breaking into, was within the curtilage of a dwelling and use § 16-11-311(A)(2). In that event, if the Petitioner had proceeded to trial, he could have argued that the shed was not in the curtilage of the dwelling, which the jury would then have decided. However, just because Petitioner contends there may have been an issue of fact as to whether the jury would have found the shed to be a curtilage, that does not mean that he has shown that the indictment was deficient as a matter of law. Hence, Petitioner has failed to show that his trial counsel was deficient for not challenging this indictment, or that he suffered any prejudice as a result of counsel's failure to do so. Strickland, 466 U.S. at 694.

Additionally, a review of the record confirms that at Petitioner's guilty plea, the Solicitor reviewed the facts to which defense counsel said that they had some differences, but generally agreed; (R.p. 42); following which the Court then specifically inquired of Petitioner as to whether he agreed that he "and Mrs. McDonald entered the shed or outbuilding and took certain things belonging to Mr. Stiles?" and Petitioner responded, "Yes, sir." (R.pp. 42-43). Petitioner also testified that he was satisfied with his counsel's services, that he understood that other than the twelve to fifteen years range that no one had made him any other promises or threats to get him to enter his guilty plea, and that he was entering his plea freely and voluntarily. (R.pp. 38-39). Petitioner also acknowledged that he had a right to a trial by jury and that a jury had already been selected in the case prior to Petitioner deciding to enter a guilty plea, that in fact the jury was waiting in the hall, that he understood that he was presumed innocent, that the State would have to prove his guilt beyond a reasonable doubt, that he had the right to remain silent, that he had a right to call witnesses on his behalf to testify, and that he had the right to confront any witnesses called by the State. (R.p. 39). Petitioner then affirmed to the Court that he understood that by entering a guilty plea that he was waiving all the rights associated with a jury trial that the Court had just reviewed with him. (R.pp.



40-41). Petitioner then again confirmed that he wanted to plead guilty to burglary second degree, petty larceny, and criminal conspiracy. (R.p. 40).

After the Solicitor stated Petitioner's prior record, the Court accepted Petitioner's plea and found it freely, voluntarily, knowingly, and intelligently entered. (R.p. 43). Petitioner then admitted to the Court that he was staying with the victims and that they had treated him like family for years, but that after he came down from the drugs and alcohol high he was on he told his co-defendant that they had to go and get the victim's stuff. (R.pp. 49-50). Petitioner testified that five hours later they got the items back from the pawn shop with the intent to return them, but nonetheless acknowledged that "I'm not gonna stand here and say that there wasn't a crime committed because it was." (R.p. 50). The Court then sentenced the Petitioner to five (5) years on the conspiracy charge, ten (10) years on the enhanced petty larceny charge, and thirteen (13) years on the burglary second. (R.p. 50).

At his PCR hearing, Petitioner testified that the first time his counsel came to see him at the jail, counsel told him of a plea offer of twelve (12) years "violent", but that he declined the offer because he believed that it was too much time for the crime. (R.pp. 110-112). Petitioner also testified that he was questioning the charge of burglary first degree since it was a storage building, not a dwelling, and was not attached to a dwelling. (R.pp. 111, 113-114). While Petitioner testified that he could have been convicted of burglary third on the storage shed, that he did not believe that he could be convicted on burglary, first degree. (R.pp. 114-115, 127). Petitioner also testified that the crime had occurred between 6:45 a.m. to 6:50 a.m. and did not occur at night. (R.p. 127). However, he never received a copy of the indictment in his case, nor did his counsel ever go over the indictment(s) with him. (R.p. 123). Finally, while Petitioner testified that he understood that he was

21

pleading to burglary, second degree, he said that he did not know he was pleading to a violent crime. (R.p. 129). Petitioner also testified that he could not remember the judge explaining to him that the charge to which he was pleading was a violent crime, because it all happened so fast and he was under a lot of stress and duress. (R.p. 132).

However, Petitioner admitted on cross-examination that page 37 of the plea transcript showed that the judge had explained to him that the crime to which he was pleading guilty was a violent offense and that meant that during his incarceration he would be ineligible for certain programs that are for non-violent offenders, and that it was also a violent offense that carried with it the eligibility of parole being one third. (R.p. 133). Petitioner also conceded that he told the plea judge that he basically agreed with the facts that the Solicitor recited in his plea, that he admitted his guilt, and that he did steal items from the victim's shed. (R.p. 140). As such, he testified that he "guess[ed]" that he had lied under oath when he told the plea judge that he was satisfied with his counsel. (R.pp. 137-138).

Petitioner's plea counsel testified at the PCR hearing that he had been practicing law for about four years when he was appointed, that this was not his first criminal case, and that he had handled at least one prior burglary case at that time. (R.pp. 142, 151). When he was appointed, counsel testified that he sent in discovery requests, Rule 5, and Brady Motions to the solicitor's office. (R.pp. 142-143). Counsel testified that he had reviewed the indictments, looked up the statutory law to determine the elements of the crime and punishments, and looked for possible defenses. (R.p. 143). After reviewing the case law, counsel visited the Petitioner to discuss it with him. (R.p. 143). Counsel testified that he and the Petitioner reviewed the file from the Solicitor's office, the case file, case report, and other discovery from the Solicitor's office. (R.pp. 143, 149).

At that meeting, counsel testified that they also discussed what Petitioner was charged with, what defense he may have, Petitioner told counsel his story, and what potential witnesses may be called. (R.p. 143). Counsel testified that they briefly discussed a bond hearing, but that he told Petitioner that time was on his side. (R.p. 143). Counsel testified that he thought the only witness who he received contact information on was the Petitioner's sister and he was able to talk with her over the phone, but that she did not have relevant information for Petitioner's trial. (R.pp. 143-144). Counsel testified that Petitioner was determined that he had been improperly charged, because he broke into a shed instead of a dwelling. However, counsel testified that he researched the issue and since the building broken into was in the curtilage of the home, that it was within the statutory definition of burglary first degree. (R.pp. 144, 155). Counsel also testified that Petitioner had committed a number of previous crimes, including being charged with two prior burglary offenses. (R.p. 145).

Counsel testified that he had multiple discussions with the Solicitor regarding plea negotiations and that she was going to pursue making sure that Petitioner did some jail time, because she believed that he was a danger to the community. (R.p. 145). Counsel testified that he initially received a twelve year offer, but that closer to trial, he received a five year offer. (R.pp. 145-146, 156-157). However, Petitioner rejected both offers. (R.p. 146). At that point, counsel testified that he proceeded to prepare for trial and filed a motion for a *Jackson v. Denno* hearing, alleging that Petitioner's statement was coerced and involuntary. (R.p. 146). However, the Court ruled that the statement was admissible and counsel asked the Solicitor about any other potential offers. (R.p. 146). At that point, the Solicitor said that she would be willing to recommend a sentence between 12 and 14 years, which Petitioner then wanted to take. (R.pp. 146-147). Counsel testified that it was

23

Petitioner's decision to plead guilty and that he did not force or threaten Petitioner. (R.p. 147). Counsel also testified that Petitioner admitted his guilt to counsel, even though Petitioner did not believe that it was a burglary first offense and was fixated on that point. (R.pp. 147, 150). However, counsel testified that Petitioner was re-indicted on the basis that he had two prior burglary convictions, which allowed him to be indicted for burglary first degree, and that he relayed that information to the Petitioner. (R.p. 147). Counsel testified that he did not see any winnable issues based on potential challenges to the indictments. (R.p. 149).

The PCR court found Petitioner's counsel credible on this issue and that Petitioner was not credible, findings that are entitled to substantial deference on habeas corpus review. Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."]. While a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it may disagree with the state court's findings (assuming that were to be the case). Further, given the deference due the state court's findings on this credibility issue, Petitioner has not shown that the state court's findings were unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded the PCR court's findings. See Pondexter v. Dretke, 346 F.3d 142, 147-149 (5th Cir.2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; Evans, 220 F.3d at 312. See Seymour v. Walker, 224 F.3d 542, 553 (6th Cir.2000)["Given the credibility assessment required to make such a determination and the

deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2).").

In addition to being advised by counsel, it is clear in the record that the plea court also went over the facts of the case, Petitioner's rights prior to the acceptance of the plea, and potential sentences, following which Petitioner admitted he had committed the crime and entered his plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall, 459 U.S. at 431-432). Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. There is nothing reversible in the state court's findings based on the record of this case. Evans, 220 F.3d at 312. Therefore, Petitioner's ineffective assistance claim relating to trial counsel's failure to challenge his first degree burglary indictment is without merit.

With respect to the remainder of Petitioner's ineffective assistance of counsel claims -



these claims have not been exhausted for purposes of federal habeas review.[14] Petitioner's allegation concerning his counsel being ineffective for failing to move to quash his arrest warrant was not properly pursued and preserved in state court. Moreover, as previously discussed with respect to Ground One, Petitioner has failed to establish that his arrest warrant was subject to being quashed. Therefore, even if this issue was properly before this Court, Petitioner has not made a showing that his counsel was ineffective on that basis. See discussion, supra.

With respect to Petitioner's allegation that his counsel was ineffective for not requesting a preliminary hearing or arraignment, in addition to this issue not being properly pursued or preserved in state court, plea counsel testified that his decision not to request a preliminary hearing "may have . . . been a timing decision." (R.p. 155). Regardless, under the criminal rules in South Carolina, a defendant is not entitled to a preliminary hearing if he is indicted by the grand jury before the hearing is held. S.C.R. Crim. P. 2(b). Petitioner has failed to show any federal and/or constitutional claim with regard to this issue.

---

[14]Even if Petitioner raised these issues in his pro se PCR appellate brief, they are not properly preserved, as they were not ruled on by the PCR judge in his order. State v. Powers, 501 S.E.2d 116, 118 (S.C. 1998); Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]; Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); see also Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; Wicker v. State, 425 S.E.2d 25, 26 (S.C. 1992).

Petitioner's final claim is that his counsel was ineffective for failing to perfect his appeal that he filed pro se. In addition to Petitioner failing to properly raise and preserve this issue in his state court proceedings, even assuming arguendo that counsel's performance was deficient in not perfecting his appeal, Petitioner has failed to identify any issues which were preserved and should have been appealed that could have provided him with relief. Rather, Petitioner waived most of the issues that could have been raised on direct appeal by pleading guilty. Pitts, 2012 WL 4009638 at * 3.

In sum, Petitioner has failed to show he suffered any prejudice due to counsel's alleged actions or inactions. To the contrary, other than his own unsupported speculation, which is contradicted by the record, Petitioner has offered no evidence to show that his guilty plea was involuntary. Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary or based on bad advice, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Here, Petitioner readily admitted his guilt, and he has failed to show his counsel was ineffective under the standards discussed hereinabove.

Accordingly, Petitioner has failed to show deficient performance or prejudice on trial

counsel's part.  <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; <u>see</u> <u>also</u> <u>Wade v. State</u>, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"]; <u>Hill</u>, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].  Ground Six of the Petition is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

November 30, 2015
Charleston, South Carolina



28

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

