IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Keith Poe, ) | |
| ) | Civil Action No.: 2:15-588-RMG-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Stone, ) | |
| ) | |
| Respondent. ) | |

In this *pro se* action, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On November 30, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 36.) The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner failed to file any objections to the Report and Recommendation. As explained herein, this Court adopts the Report and Recommendation and grants Respondent's motion for summary judgment.

## **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

1

objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Analysis

The Court has reviewed the Report and Recommendation for any clear errors of law and has found none. A guilty plea waives claims arising from non-jurisdictional constitutional violations that occurred before the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As explained in the Report and Recommendation, the challenges to the State's probable cause for Petitioner's arrest or for his indictment in Grounds One and Five of the Petition were waived by Petitioner's guilty plea. (Dkt. No. 36, at 10-11.)

Petitioner contends in Grounds Two, Three, and Four of the Petition that the indictment and amended indictment were so defective as to divest the state court of subject-matter jurisdiction. This Court does not review the state court's determination of subject-matter jurisdiction. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). An alleged insufficiency of the indictment is a cognizable basis for habeas relief only if the insufficiency deprives the defendant of his due process rights. *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985). As

2

explained in the Report and Recommendation, there is no basis in the record before this Court on which to find a federal due process violation. (Dkt. No. 36, at 13-14.)

In Ground Six of his Petition, Petitioner contends that his trial counsel was ineffective under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), because counsel failed to challenge the first-degree burglary indictment, to request a preliminary hearing, to move to quash the arrest warrant, or to perfect Petitioner's *pro se* appeal. Only the claim regarding the purported deficiency of the first-degree burglary indictment was exhausted in state post-conviction review (PCR) proceedings. The Magistrate Judge, replying on the PCR court's findings, concluded that Petitioner failed to show that his counsel's performance was deficient under *Strickland*. This Court reaches the same conclusion. The PCR court found trial counsel's testimony describing a diligent representation of Petitioner to be credible. On the other hand, Petitioner was found not credible when he testified that he did not understand the nature of the charges when pleading guilty to them. When Petitioner was confronted with his prior inconsistent statements from the plea transcript on cross-examination, his explanation was to "guess" that he had lied under oath at the plea hearing. (Dkt. No. 36, at 22.) The evidence presented in the PCR proceeding thus reflects the credible testimony of Petitioner's counsel along with the not credible testimony of Petitioner himself. This is not enough to meet the high "burden of rebutting the presumption of correctness [of the State court's fact finding] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner's other ineffective assistance of counsel claims were not exhausted for purposes of habeas review, and, even if they were, Petitioner has not shown that they constituted deficient performance or prejudiced Petitioner. Moreover, any claim for relief based on trial counsel's failure to move to quash the arrest warrant or to hold a preliminary hearing were

3

waived by Petitioner's subsequent guilty plea, and Petitioner does not identify any claim that might have provided a basis for relief on direct appeal that was not waived by the guilty plea.

Finally, Petitioner seeks habeas relief based on errors in the State's PCR proceedings alleged in Ground Seven of the Petition. Errors in state PCR proceedings cannot provide Petitioner a basis for habeas relief because such errors would be collateral to the conviction and sentence that is the cause of the Petitioner's detention. *See Bryant v. Maryland*, 848 F.2d 492, 494 (4th Cir. 1988).

## Conclusion

Having reviewed the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. Thus, Respondent's motion for summary judgment is **GRANTED**, and the Petition is **DISMISSED** with prejudice.

## Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 5, 2016
Charleston, South Carolina

5